# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* A.W.

No. 20-0120 (Fayette County 17-JA-30)

FILED

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother S.J., by counsel Nancy S. Fraley, appeals the Circuit Court of Fayette County's January 15, 2020, order terminating her post-termination visitation with her child, A.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Allison R. Taylor, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her post-termination visitation with the child.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2017, the DHHR filed a child abuse and neglect petition against petitioner and the child's father alleging that they engaged in domestic violence in the child's presence and subjected the child to deplorable home conditions. Petitioner eventually stipulated to the allegations contained in the petition and was adjudicated as an abusing parent. Petitioner was also granted a post-adjudicatory improvement period. Due to concerns with the state of her mental health, petitioner was ordered to submit to a psychological evaluation. The evaluating psychologist diagnosed petitioner with bipolar disorder, unspecified personality disorder, and learning disorders, among others. The psychologist opined that petitioner was not "capable of providing for all of the needs of her infant child" due to her cognitive limitations and her "general lack of insight." The psychologist further remarked that petitioner "is without fundamental knowledge and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

understanding of the demands that come with having an infant child" and was "quite naïve and unsophisticated." The psychologist had "considerable concerns" with petitioner's ability to learn to properly parent and "strongly" recommended that petitioner undergo a psychiatric evaluation to obtain an effective medication regimen to treat her bipolar disorder.

Petitioner's post-adjudicatory improvement period was continued several times to accommodate her learning disabilities. Petitioner was prescribed medication for her bipolar disorder and completed her parenting and adult life skills classes. However, petitioner was unable to satisfactorily address her issues with domestic violence and resumed her relationship with the father on multiple occasions despite his voluntarily relinquishment of his parental rights at disposition and his failure to address the conditions of abuse and neglect. Based upon petitioner's failure to address her issues with domestic violence, her lack of insight, and her inability to change her behavior or thought processes with regard to the issues of abuse, the circuit court terminated petitioner's parental rights at a dispositional hearing held in February of 2019.

Subsequently, the DHHR and petitioner filed a joint motion for post-termination visitation. Despite expressing concerns over continued contact between petitioner and the child, the circuit court granted the motion. In the following months, the child was moved from numerous placements due to several foster parents' refusal to adopt him if post-termination visitation with petitioner were ordered. At a permanency hearing held in July of 2019, the circuit court expressed concern over the child's post-termination visitation with petitioner and opined that it might need to be re-evaluated in light of the placement issues for the child. At a hearing held in October of 2019, the circuit court was advised that the then-four-year-old child began bed-wetting following visits with a prospective placement. The circuit court expressed concern about the effect post-termination visitation had on prospective adoptive placements and found the child needed a home where he was loved, cared for, and safe as soon as possible. Accordingly, the circuit court relieved the DHHR of its obligation to find a permanent placement where post-termination visitation was agreeable to the foster parents.

A multidisciplinary team ("MDT") meeting was held in December of 2019. Attached to the MDT report was a memo from the service provider, who indicated that the child's visits with petitioner were not going well, and that the child exhibited negative behaviors following his visits, including "meltdowns and tantrums." The service provider also reported that petitioner allegedly ceased taking her medication for her bipolar disorder and that her behavior was negatively affecting the visits. For instance, petitioner became angry when visits were not conducted at her preferred location and focused on how the visits would affect her schedule, rather than the child's wellbeing.

At a hearing held later in December of 2019, the DHHR and the guardian moved the circuit court for termination of petitioner's post-termination visitation with the child. They reported that the child was experiencing distress and confusion over the multiple placements he had been through and was acting out following visits with petitioner. The guardian expressed that petitioner ceased taking her medication. Petitioner's counsel requested that the circuit court hold its ruling in abeyance to allow her time to prepare a defense and explain the situation to petitioner "in an office setting."

The circuit court ultimately terminated petitioner's post-termination visitation with the child by order entered on January 15, 2020. The circuit court noted that it previously expressed concerns over the continued visitation and found that the child was confused and exhibited negative behaviors indicating that he was unable to navigate such a "complex situation." The circuit court concluded that post-termination visitation between petitioner and the child was no longer in the child's best interests. It is from the January 15, 2020, order terminating her post-termination visitation that petitioner appeals.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her post-termination visitation. Petitioner contends that she had no notice of the DHHR's motion to terminate her visitation with the child and that the circuit court should have held its ruling in abeyance to provide her time to develop a defense. Petitioner cites to caselaw standing for the proposition that a circuit court is prohibited from terminating a parent's parental rights without notice and the opportunity for a meaningful hearing and claims that these protections should apply to the case at bar.

This Court has previously held that

> [w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest.

Syl. Pt. 5, *In re Christina L.*, 194 W. Va. 446, 448, 460 S.E.2d 692, 694 (1995).

---

[2]Permanency for the child has been achieved as he was adopted by his foster parents.

The evidence establishes that post-termination visitation is no longer in the child's best interests. Although petitioner was granted visitation following the termination of her parental rights due to her strong bond with the child, the DHHR experienced difficulty in finding a placement that was agreeable to maintaining visitation with petitioner. The child was moved to multiple placements and suffered stress and anxiety as a result. The child began exhibiting negative behaviors following his visits with petitioner and expressed fear over being moved to another placement. Moreover, petitioner became angry when visitation was not catered to her whims and failed to realize that the visitation was for the benefit of the child. Petitioner also discontinued her medication regimen, which negatively affected her mood and behavior. At the final hearing on the matter, the circuit court concluded that the child was suffering from confusion and was unable to navigate the "complex situation" of achieving permanency with his foster parents while maintaining a relationship with petitioner. Petitioner provides no argument as to how continued contact with the child is in his best interests.

While petitioner claims she did not have notice of the DHHR's motion to terminate her post-termination visitation and was denied a meaningful opportunity to mount a defense, the circuit court noted that it had expressed concerns over the continued visitation for months prior to the hearing. Indeed, the circuit court expressed that post-termination visitation needed to be re-evaluated as early as July of 2019 and, at a hearing held in October of 2019, the circuit court expressed concerns that visitation was no longer in the child's best interests and relieved the DHHR of its obligation to find a permanent placement that was agreeable to post-termination visitation. Accordingly, we find no merit to petitioner's claims that she was without notice that her visits with the child could be terminated.

Lastly, to the extent petitioner raises issues with the proceedings leading up to the termination of her parental rights, we note that

> [f]iling a post-termination visitation motion does not extend the timeframe in which to appeal a final dispositional order entered in an abuse and neglect matter. The timeframe to appeal a final dispositional order is set forth in Rule 49 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Rule 11 of the Rules of Appellate Procedure.

Syl. Pt. 5, *In re S.L.*, __ W. Va. __, __ S.E.2d __ (2020). Petitioner failed to file an appeal with this Court regarding the termination of her parental rights. The continuation of the proceedings with regard to post-termination visitation does not entitle petitioner to untimely raise issue with disposition now on appeal. Therefore, we decline to address these arguments on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 15, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: December 10, 2020

4

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison